UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-54 |
| | ) | |
| FORTINO BENITEZ-SALINAS | ) | |

# **O R D E R**

This supervised release revocation matter came before the Court on December 10, 2007, for a hearing in regard to whether or not the defendant has violated the conditions of his supervised release, and therefore, should the defendant's term of supervised release be revoked. On February 14, 2005, the defendant was placed on a term of supervised release for three (3) years in the United States District Court for the Eastern District of Tennessee in No. 2:04-CR-54. His supervision commenced on June 2, 2006.

The defendant was arrested on May 8, 2007 and charged in a criminal complaint with being an alien who, after deportation, reentered the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security for reapplication for admission into the United States in violation of 8 U.S.C. 1326(a). On June 12, 2007, the defendant was indicted in the Eastern District of Tennessee in No. 2:07-CR-58 in a one count indictment which charged him with with illegal re-entry

The defendant pled guilty to Count 1 in No. 2:07-CR-58 on August 19, 2007, and admitted the elements of illegal re-entry. On December 10, 2007, he was sentenced to thirty-seven (37) months imprisonment in No. 2:07-CR-58.

On December 10, 2007, the defendant stipulated that he has violated the terms of his supervised release by the violating the following condition:

    1. General Condition: The defendant shall not commit another federal, state, or local crime, i.e. by his conviction in No. 2:07-CR-58.

It was also undisputed that his guideline range is now 8 to 14 months imprisonment, and his statutory maximum is 24 months imprisonment.

The Court has carefully considered the policy statements of Chapter 7 of the United States Sentencing Commission Guidelines which reflect a revocation range of eight (8) to fourteen (14) months. Because the policy statements of Chapter 7 of the USSCG are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West,* 59 F.3d 32 (6th Cir. 1995).

The Court does not find that a sentence within this suggested range is appropriate based upon the following:

    1. The circumstances of the offense which the defendant committed less than one month after he was released from federal prison and deported;

    2. The defendant's almost immediate failure to comply with the conditions

of his supervised release by failing to report to probation upon his re-entry into this country;

3. His extensive criminal history which demonstrates that he is a dangerous offender with a complete lack of respect for the law; and

4. The likelihood of recidivism is great.

Therefore, based upon the defendant's stipulation and his plea of guilty, the Court **FINDS** that he has violated the terms of his supervised release. Accordingly, it is hereby **ORDERED** that the defendant's term of supervised release is **REVOKED,** and he is sentenced to serve a term of twenty four (24) months in custody which will run consecutively to his sentence in No. 2:07-CR-58.

Following the service of his sentence in this case, the defendant will not be subject to any additional term of supervised release in NO. 2:04-CR-54. However, he will be subject to 2 year of supervised release in No. 2:07-CR-58. The defendant is **REMANDED** to the custody of the United States Marshal.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE